**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

PAMELA HOLLIDAY, KATHLEEN §
WALSH, PHYLISS CLARK, AGNES §
CRAYTON, BOBBI FLORES, NANCY § Case No. 4:15-cv-00034
CURRAN, LORRAINE DAIDONE, §
DEBORAH MORGAN, LINDA ROKICKI, §
CANDACE REGALADO, LYNDA §
WILLIAMS, DESIREE HARRIS, ANITA §
BOCKMON, MELINDA STRAUSS, SUSAN § **JURY TRIAL DEMANDED**
ELLIOTT, SUSAN BRYANT, ELIZABETH § **ON ALL COUNTS**
MEYER, ETTA GALER, CAROL §
GARTSIDE, PAMELA RUSSELL, LAURIE §
CLEMENTS, STEPHANIE BROWN, §
BONNIE SANDERS, MARLA MEDLEY, §
MICHELLE WARE, BELINDA HOPSON, §
GAIL O'BIER, DIEDRE WAGNER, BILLIE §
WATERS, ERICA GUAJARDO, RONNIE §
GORNBEIN-SHIRLEY, JERRY SHIRLEY, §
APRIL HANEY, CHRISTIE MALONE, §
JESSICA TELLEZ, JOAN SKINNER, §
ESTHER HERNANDEZ, §
KAROLYN BEAR, DIANA BRIGHT, §
SARAH WILLIAMSON, MARIE ROBERTS, §
MARION MORRIS, JOHNNY MORRIS, §
PATRICIA NEVILLE, JERRY NEVILLE, §
STACY WATKINS, MARTHA GAUER, §
JONNIE MAUGHAN, BRENDA TAYLOR, §
DENISE ATKINS, KAREN TESTERMAN, §
TRISHA HATTERY, LINDA WINGLER, §
GLORIA FISHER, MARTHA BROWN, §
CRYSTAL COPLEY, LILLIAN HAIGIS, §
BRENDA SANCHEZ, FRIEDA BUNN, §
PATRICIA FLYNN, EILENE KEENER, and §
LOLA HUCKINS, §
§
Plaintiffs, §
§
v. §
§
§
ETHICON, INC., JOHNSON & JOHNSON, §
AMERICAIN MEDICAL SYSTEMS, INC., C.R §
BARD, INC., TISSUE SCIENCE §
LABORATORIES LIMITED, SOFRADIM §
PRODUCTION SAS, BOSTON SCIENTIFIC §
CORPORATION, COLOPLAST §
CORPORATION, MENTOR WORLDWIDE, §
LLC, CALDERA MEDICAL, INC., TYCO §

HEALTHCARE GROUP LP, UNITED §
STATES SURGICAL CORPORATION, §
COVIDIEN, INC., COOK, INC., COOK §
MEDICAL INC. COOK GROUP, INC., and §
JOHN DOE CORPORATIONS 1-20, §
§
§
        Defendants. §
§

---

## NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Ethicon, Inc.[1] and Johnson & Johnson ("Removing Defendants") timely remove this pelvic mesh products liability action styled *Pamela Holliday, et al. v. Ethicon, Inc., et al.*, which has been filed by 62 individual Plaintiffs from 17 different states, from the Twenty-Second Judicial Circuit of Missouri (City of St. Louis) to the United States District Court for the Eastern District of Missouri.[2] As explained below, this removal does <u>not</u> in any way rely on the so-called "fraudulent misjoinder" doctrine or the Eighth Circuit decision in *In Re Prempro*, 591 F.3d 613 (8th Cir. 2010). Instead, the United States District Court for the Eastern District of Missouri has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. It directly parallels the removals and dismissals in *Locke, et al. v. Ethicon, Inc., et al.*, No. 4:14-cv-2648, 2014 WL 5819824 (S.D. Tex. Nov. 10, 2014) and *Evans, et al. v. Johnson & Johnson, et al.*, No.

---

[1] Ethicon, Inc. joins and responds on behalf of Defendant Gynecare, an entity merged out of existence and into Ethicon, Inc. on January 3, 2000.

[2] By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims and/or seek dismissal on grounds of lack of personal jurisdiction, insufficient or improper service of process, improper venue, or under the doctrine of forum non conveniens.

4:14-cv-2800, 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014), both attached as Exhibit A (*see infra ¶* 15) and would result in the transfer of this multi-plaintiff, multi-defendant mesh case to the MDL where every other such case filed in this District has gone (see *infra* ¶ 54). In support of removal, Defendants further state as follows:

1. On or about December 3, 2014, sixty-two Plaintiffs from seventeen states ("Plaintiffs") filed an action styled *Holliday, et al. v. Ethicon, Inc., et al.* in the 22nd Judicial Circuit Court of Missouri, Case No. 1322-CC08906. Only one of these Plaintiffs is a Missouri resident. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders is attached as Exhibit B. Plaintiffs assert claims for strict product liability (failure to warn), strict liability, negligence, fraud, constructive fraud, negligent misrepresentation, negligent infliction of emotional distress, breach of express and implied warranties, violation of consumer protection laws, gross negligence, unjust enrichment, punitive damages, and loss of consortium. (Am. Pet. ¶¶ 103-274.) Plaintiffs' claims allegedly concern at least thirty-one pelvic mesh products from at least 13 manufacturers, and several Plaintiffs do not even allege the specific manufacturer whose product was involved in their surgeries. (Am. Pet. ¶¶ 1-62.)

2. There are currently thousands of cases like Plaintiffs' arising from the use of pelvic mesh products by various manufacturers. These cases are largely consolidated into manufacturer-specific proceedings. In 2012, at the request of some of the same Plaintiffs' counsel that appear in this case, the JPML centralized the Ethicon MDL and separate MDLs for claims related to the pelvic mesh products of five other manufacturers (C.R. Bard, Inc.; American Medical Systems, Inc.; Boston Scientific Corp.; Coloplast Corp.; and Cook Medical Incorporated n/k/a Cook Medical LLC before United States District Judge Joseph R. Goodwin in the Southern District of

3

West Virginia. Several thousand cases have since been centralized before Judge Goodwin. State court proceedings also exist in the home states of various manufacturers.

3. Even though Plaintiffs' counsel is a member of the MDL plaintiffs steering committee, Plaintiffs now seek to evade these consolidated proceedings by joining 1 Missouri Plaintiff with 61 out of state Plaintiffs ("Out of State Plaintiffs"), and jointly filing all 62 cases in Missouri state court. (*See* Am. Pet. ¶¶ 1-62.) Of the 61 Out of State Plaintiffs, 23 are alleged to be citizens of Texas, 7 are alleged to be citizens of Oregon, 6 are alleged to be citizens of Pennsylvania, 5 are alleged to be citizens of West Virginia, 4 are alleged to be citizens of New Jersey, 3 are alleged to be citizens of Utah, 3 are alleged to be citizens of Virginia, 2 are alleged to be citizens of Nevada, and the remaining 8 are alleged to be citizens of Massachusetts, Michigan, North Carolina, North Dakota, South Carolina, Washington, Arizona, and Idaho respectively. (*See id.*)

4. The joinder of these 62 Plaintiffs suing 16 different manufacturer-Defendants is particularly brazen here because, when the claims of each of these 62 Plaintiffs are examined individually, there is complete diversity in 61 of the 62 cases between each individual Plaintiff and the respective manufacturer each one is suing. Individually, only the one case between a New Jersey Plaintiff and a New Jersey Defendant is non-diverse. (*Id*. at ¶ 9.) Even analyzed collectively (as if each Plaintiff were suing all the Defendants, which is not the case), only 5 of the Plaintiffs appear to be non-diverse: the 4 from New Jersey and the 1 from Massachusetts. As explained below, this removal is proper because these 5 Plaintiffs are not proper parties and there is complete diversity between the remaining 57 Plaintiffs and the Defendants.

5. Under the Supreme Court's recent decision in *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 760-61 (2014), none of the 61 Out of State Plaintiffs can establish personal

jurisdiction over any of the Defendants in Missouri.  In the interest of clarity and efficiency, Defendants respectfully urge this Court to rule on the issue of personal jurisdiction *before* determining whether this Court has subject matter jurisdiction in this case.  This Court has every right to do so, and in the exercise of its sound discretion ought to do so where, as here, a case presents a straightforward question of personal jurisdiction and a more difficult question of subject matter jurisdiction.  *See Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574 (1999) (holding that, in a case removed from state court, a district court has discretion to resolve personal jurisdiction before subject matter jurisdiction, and affirming the district court's decision to do so in a case which presented a "straightforward" personal jurisdiction question and a "difficult" subject matter jurisdiction question).  After this Court reviews and grants the motion to dismiss the Out of State Plaintiffs, subject matter jurisdiction will clearly exist over the claims of the Missouri Plaintiff against the Defendants.  This precise approach was followed recently in other multi-plaintiff cases within this litigation.  *See Locke, et al. v. Ethicon, Inc., et al.*, No. 4:14-cv-2648, 2014 WL 5819824, *2 (S.D. Tex. Nov. 10, 2014) (choosing to decide personal jurisdiction first because it "promote[d] judicial economy," granting Defendants' motion to dismiss the out of state Plaintiffs for lack of personal jurisdiction, and denying Plaintiffs' motion to remand because complete diversity was present among the remaining parties); *Evans, et al. v. Johnson & Johnson, et al.*, No. 4:14-cv-2800, 2014 WL 7342404 (S.D. Tex. Dec. 23, 2014) (holding that "the most efficient course of action is to consider the motion to dismiss for lack of personal jurisdiction, which results in dismissal of the claims of all plaintiffs except the single Texas plaintiff, [and] thereafter deny the motion to remand because no non-diverse plaintiffs remain"), both attached as Exhibit A.

6.  But even if the Court chooses to decide subject matter jurisdiction before resolving personal jurisdiction, removal is still proper.  This Court can exercise subject matter jurisdiction over this case because the properly joined parties are completely diverse.  First, the five New Jersey and Massachusetts Plaintiffs (hereafter "the non-diverse Plaintiffs") are fraudulently joined.  (*See infra* ¶¶ 46-50.)  Their respective claims have no reasonable basis under Missouri law.  Under the doctrine of fraudulent joinder, the Court can simply ignore the citizenship of fraudulently joined parties and determine if the remaining parties are completely diverse; it would not need to sever the case to address the subject matter jurisdiction issue.  Second, the inclusion of the non-diverse Plaintiffs as parties to this case is a sham.  Under these circumstances, and following the example of the Ethicon MDL court in multi-plaintiff cases, this Court should drop the causes of action brought by the non-diverse Plaintiffs from this case, and then determine subject matter jurisdiction from the remaining parties, who will be completely diverse.  (*See infra* ¶¶ 51-56.)

7.  Again, none of these arguments depends upon, is related to, or relies in any way upon the so-called "fraudulent misjoinder" doctrine or the Eighth Circuit decision in *In Re Prempro*, 591 F.3d 613 (8th Cir. 2010).  In this way, this removal is wholly unlike those in *Butler, et al. v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., et al.*, No. 4:14-cv-1485 (E.D. Mo. Oct. 8, 2014) (holding that fraudulent <u>mis</u>joinder is not recognized by this Court and so presents a non-arduous inquiry, while noting that fraudulent joinder is recognized by this Court), and *Hebron v. Abbvie Inc., et al.*, No. 4:14-cv-1910 (E.D. Mo. Dec. 18, 2014) (same).  Instead, this removal is based on the same grounds as four prior multi-plaintiff cases removed to this Court and subsequently transferred to the Ethicon pelvic mesh MDL in West Virginia.  *See Mathes, et al. v. Ethicon, Inc., et al.*, No. 2:14-cv-27204 (S.D.W.Va.); *Richardson, et al. v. Ethicon, Inc., et al.*, No. 2:14-

cv-27205 (S.D.W.Va.); *Geel, et al v. Ethicon, Inc., et al.*, No. 2:14-cv-29691 (S.D.W.Va.); *Miller, et al. v. Ethicon, Inc., et al.*, No. 2:14-cv-29739 (S.D.W.Va.), collective Transfer Orders attached as Exhibit C.  Within the pelvic mesh litigation, these arguments have universally resulted in transfer to the MDL and/or the dismissal of all out-of-state plaintiffs.  *See Torres, et al. v. Johnson & Johnson, et al.*, No. 1:14-cv-743 (D. N.M.) (transferred to the Ethicon MDL on Dec. 12, 2014), *see Transfer Order*, Exhibit C; *Bragg, et al. v. Johnson & Johnson, et al.*, No. 6:14-cv-719 (E.D. Tex.) (same), *see* Transfer Order, Exhibit C; *Evans, et al. v. Johnson & Johnson, et al.*, No. 3:14-cv-3062 (N.D. Tex.) (same); *Locke, et al. v. Ethicon, Inc., et al.*, 2-14 WL 5819824 (out of state plaintiffs dismissed for lack of personal jurisdiction; motion to remand denied; and transferred to the Ethicon MDL); *Evans, et al. v. Johnson & Johnson, et al.*, 2014 WL 7342404 (S.D. Tex.) (also dismissing all out of state plaintiffs for lack of personal jurisdiction, denying the motion to remand, and staying the case pending transfer to the Ethicon MDL).

## I.    THIS COURT CAN AND SHOULD RESOLVE PERSONAL JURISDICTION BEFORE RULING ON SUBJECT MATTER JURISDICTION.

**A. This Court Has Discretion to Choose Among Preliminary Jurisdictional Issues.**

8.  This Court has the authority to decide personal jurisdiction before subject matter jurisdiction.  Jurisdictional questions ordinarily must be resolved before addressing the merits, but it is well-established that "[a] court faced with more than one jurisdictional issue may decide these jurisdictional questions in any order."  *In Re AFY*, 734 F.3d 810, 816 (8th Cir. 2013) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) (re-affirming the principle that "there is no unyielding jurisdictional hierarchy"); *Ruhrgas*, 526 U.S. at 585 ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits.").

**B. This Court Should Follow *Ruhrgas* and Decide Personal Jurisdiction Before Subject Matter Jurisdiction.**

9.   This Court should follow *Ruhrgas* and grant Defendants' forthcoming motion to dismiss the Out of State Plaintiffs for lack of personal jurisdiction before ruling on Plaintiffs' (anticipated) motion to remand.  *Ruhrgas* involved the same set of motions this Court is likely to face—a motion to dismiss for lack of personal jurisdiction and a motion to remand based on subject matter jurisdiction.  In both *Ruhrgas* and this case the motion to remand involves a question of fraudulent joinder, while the motion to dismiss presents a simple and constitutionally-grounded basis for dismissing the out of state plaintiffs, including the sole non-diverse parties, on personal jurisdiction grounds.  The *Ruhrgas* Supreme Court affirmed the district court's decision to resolve personal jurisdiction and dismiss the non-diverse parties before examining the motion to remand.  *See Ruhrgas*, 526 U.S. 574 (holding that "in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy"); *see also Sinochem Int'l Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) ("*Ruhrgas* held that there is no mandatory sequencing of jurisdictional issues.").

10. Following *Ruhrgas*, three discretionary factors support beginning with personal jurisdiction in this case.  First, the personal jurisdiction question presented in the motion to dismiss invokes the very limits of a court's authority, as it arises directly from the constitutional protections of due process.  In sharp contrast, the potential issue of subject matter jurisdiction in this case—a lack of complete diversity where both an out of state plaintiff and out of state defendant have been joined—is purely statutory.  *See Ruhrgas*, 526 U.S. at 584 ("[T]he impediment to subject-matter jurisdiction on which [plaintiff] relies . . . rests on statutory interpretation, not constitutional command. . . .  In contrast, [defendant's personal jurisdiction

argument] relies on the constitutional safeguard of due process to stop the court from proceeding to the merits of the case.").

11. Second, "judicial economy and restraint" support beginning with personal jurisdiction. *Ruhrgas*, 526 U.S. at 586. The Court in *Ruhrgas* explained that "in most instances subject-matter jurisdiction will involve no arduous inquiry[,]" and in such cases "expedition" and federalism suggest beginning with subject matter jurisdiction. *Id*. at 587. But where, as here, a case presents a "straightforward personal jurisdiction issue" and the subject matter jurisdiction question is more difficult, these discretionary considerations favor deciding personal jurisdiction first. *Id*. at 586 ("the district court may find that concerns of judicial economy and restraint are overriding"). Under the recent decision in *Daimler*, the personal jurisdiction question here is very clear—the Out of State Plaintiffs simply cannot establish personal jurisdiction over Defendants in Missouri. (*See infra* ¶¶ 13, 49-50.) The subject matter jurisdiction question, by contrast, presents a more searching inquiry, as it is grounded in the fraudulent and sham joinder of the non-diverse Plaintiffs. *See Ruhrgas*, 526 U.S. at 579-80, 587-88 (noting that the notice of removal asserted fraudulent joinder and finding that inquiry "difficult"); *Carey v. Sub Sea Int'l, Inc.*, 211 F.3d 594 (5th Cir. 2000) (affirming dismissal of non-diverse parties for lack of personal jurisdiction rather than beginning with question of fraudulent joinder); *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000) (deciding personal jurisdiction first after noting that fraudulent joinder question was "a rather complicated one").[3]

12. Finally, this Court should begin with personal jurisdiction to provide clarity and certainty in this litigation. *Ruhrgas* provides an indisputable avenue for dismissal of the Out of State

---

[3] *Butler* and *Hebron* are also distinguished because this Court held in those cases that fraudulent misjoinder was not an "arduous" inquiry while the cases cited here (*Ruhrgas*, *Carey*, and *Foslip*) and *Locke* and *Evans* all hold that fraudulent joinder *is* an arduous inquiry, so judicial economy demands that personal jurisdiction be resolved first.

Plaintiffs and the subsequent transfer of the remaining cases to the Ethicon MDL. *See, e.g.*, *Gilmor v. Preferred Credit Corp.*, 10-01890-CV, 2011 WL 111238 (W.D. Mo. Jan. 13, 2011) ("While jurisdictional issues must be addressed first, it is permissible to address personal jurisdiction before addressing subject matter jurisdiction. The Court deems it appropriate to do so in this case in the interest of clarity."); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94-95 (2010) (noting the Supreme Court's discretionary preference for "[s]imple jurisdictional rules" that "promote greater predictability" rather than more "[c]omplex jurisdictional tests" which "eat[] up time and money" and "produce appeals").

## B. The Out of State Plaintiffs Cannot Establish Personal Jurisdiction over Defendants in Missouri.

13. As explained more fully in Defendants' Motion to Dismiss, to be filed shortly after the filing of this Notice of Removal, the Out of State Plaintiffs cannot establish personal jurisdiction over Defendants in Missouri.[4] (*See infra* at ¶¶ 45-50.) The Court does not have specific jurisdiction over the Defendants as to the claims brought by the 61 Out of State Plaintiffs because the Out of State Plaintiffs do not allege an injury in the State of Missouri. The Court does not have general jurisdiction because the Out of State Plaintiffs do not allege that Defendants are incorporated in Missouri or that Missouri is their principal place of business. *See Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 760-61 (2014) (limiting the exercise of general jurisdiction over a corporation to the state of incorporation or principal place of business).

---

[4] In Missouri, the burden of proof rests with the plaintiff to make a prima facie showing that the court has personal jurisdiction over each defendant. *Viasystems, Inc. v. EBM Papst St. Georgen GMBH & Co. KG*, 646 F.3d 589 (8th Circ. 2011)*; Englert v. Alibaba.com HongKong*, 2012 WL 162495 (E.D. Mo. 2012); *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W. 3d 227, 231 (Mo. 2010), *en banc*.

14. Once the Court dismisses the Out of State Plaintiffs, complete diversity of citizenship will exist among the remaining Missouri Plaintiff and the Defendants. The case may then be transferred to the Ethicon MDL.

15. That is precisely what happened in *Locke*, 2014 WL 5819824, and *Evans*, 2014 WL 7342404, both attached as Exhibit A. *Locke* was initially filed in Texas state court by 77 plaintiffs, only one of whom was a Texas resident, alleging injury from the implantation of Defendants' products. *Locke*, 2014 WL 5819824 at *1. The court recognized that it should resolve jurisdictional questions in a manner "that promotes judicial economy." *Id.* at *2. The court found that deciding personal jurisdiction first "leads to a more efficient result without offending principles of federalism." *Id.* Second, the court granted Defendants' motion to dismiss the 76 out-of-state plaintiffs. The court held that it could not exercise general personal jurisdiction because, under the Supreme Court's recent general jurisdiction holdings, the Defendants were "'at home' in New Jersey and not in Texas." *Id.* at *4. Finally, the court denied Plaintiffs' motion to remand. *Id.* at *7. The remaining Texas plaintiff was completely diverse from the out-of-state defendants, allowing the federal court to exercise subject matter jurisdiction. A different judge on the same court took a similar path in *Evans*, which was initially filed in state court by 96 Plaintiffs, only one of whom was a Texas resident, also alleging injury from Defendants' products. *Evans*, 2014 WL 7342404 at *1. The court began with personal jurisdiction because it was the most efficient route to resolving the case, noting that "the court would be required to consider the personal jurisdiction issue as part of its analysis on the motion to remand, anyway, since the lack of personal jurisdiction" was part of the fraudulent joinder argument. *Id.* at *3 & n.1. *Evans* then held that there was no personal jurisdiction because Defendants were not incorporated in Texas and did not have a principal place of

business there, and plaintiffs' had conceded a lack of specific jurisdiction. The court then granted the motion to remand because the remaining Texas Plaintiff was completely diverse from the New Jersey Defendants. *Id*. at *6. This Court should do the same here, where a substantially similar personal jurisdiction and subject matter jurisdiction analysis applies.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(A).

16. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs, for each Plaintiff individually.

## A. Once the Out of State Plaintiffs Are Dismissed, This Court Will Have Subject Matter Jurisdiction Over This Case.

### 1)    The amount in controversy requirement is satisfied.

17. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18. If it is facially apparent that the amount in controversy exceeds the jurisdictional minimum, then no strict proof on the part of the defendants is required. *Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002) (holding that "it is 'facially apparent' from the petition that the claimed damages exceeded $75,000"); *Radmer v. Aid Ass'n for Lutherans*, 99-0961-CV-W-9-4, 2000 WL 33910093 (W.D. Mo. Apr. 27, 2000).

19. In conducting this analysis, the Court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought. *Quinn*, 228 F.Supp.2d at 1037; *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995). Plaintiffs allege they each underwent surgery for placement of one or more pelvic mesh products and that, as a result they each "experienced significant mental and physical pain and suffering," have sustained "permanent"

and "severe" injury, "permanent and substantial physical deformity," undergone "frequent and often debilitating re-operations," and have "suffered financial or economic loss, including, but not limited to obligations for medical service and expenses, and present and future lost wages." (Am. Pet. at ¶¶ 89, 92.)  In their Petition, Plaintiffs pray for relief on each of their fourteen counts.  (Am. Pet. ¶¶ 111, 116, 120, 157, 163, 167, 179, 189, 208, 213, 219, 270, 274.)  In addition, Plaintiffs seek punitive damages, which are also to be considered in determining the amount in controversy.  (Am. Pet. ¶ 274); *OnePoint Solutions, L.L.C. v. Borchert*, 486 F.3d 243 (8th Cir. 2007).

20. Based on the nature of the alleged injuries, the alleged claims, and the alleged entitlement to recover compensatory damages for economic and non-economic losses and punitive damages, it is facially evident from the allegations of the Petition that Plaintiffs, individually and in the aggregate, seek recovery in excess of $75,000, exclusive of interest and costs.

21. The amount in controversy therefore exceeds $75,000, exclusive of interest and costs, for each Plaintiff individually, and the jurisdictional requirement is satisfied.  *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Quinn*, 228 F. Supp. 2d at 1040.

2)  Complete diversity of citizenship exists over the valid parties.

22. If the Court dismisses the Out of State Plaintiffs for lack of personal jurisdiction, then the only remaining Plaintiff will be Pamela Holliday, who is a citizen of Missouri.  (Am. Pet. ¶ 1.)

23. Taking Plaintiffs' allegations as true, Pamela Holliday was implanted with a device manufactured by Ethicon, Inc.  (Am. Pet. ¶ 1.)  For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business there.  (Am. Pet. ¶ 64.)

24. The Complaint does not allege any basis for Pamela Holliday to name any of the other Defendants, so if the Court dismisses the Out of State Plaintiffs for lack of personal jurisdiction, Ethicon, Inc. will be the only remaining Defendant.

25. The Missouri Plaintiff, Pamela Holliday, is indisputably diverse from Defendant Ethicon, Inc.

**B. Even If Subject Matter Jurisdiction Is Decided First, This Court Has Subject Matter Jurisdiction Over This Case.**

26. Even if subject matter jurisdiction is decided before personal jurisdiction, this Court has subject matter jurisdiction in this case because complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a) over the properly joined parties.

 1) <u>The amount in controversy requirement is satisfied.</u>

27. The amount in controversy requirement is satisfied for each Plaintiff.  (*See supra* at ¶¶ 17-21.)

 2) <u>Complete diversity of citizenship exists over the properly joined parties.</u>

28. There is complete diversity between the Plaintiffs (*supra* at ¶¶ 3-4, 6) and Defendants (*infra* at ¶¶ 29-44), except as to the 5 causes of action brought by the New Jersey and Massachusetts Plaintiffs.  As explained below, these should not be considered when determining this Court's diversity jurisdiction because (a) the non-diverse Plaintiffs are fraudulently joined, as their claims have no basis under Missouri law, and (b) because their inclusion in this case is a sham.  The U.S. Supreme Court first affirmed the principle that fraudulent joinder of a diversity-destroying plaintiff is a proper ground for removal and dismissal of the non-diverse plaintiff in *Irvine v. Lowry,* 39 U.S. 293, 294 (1840).

29. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State

of New Jersey and has its principal place of business in New Brunswick, New Jersey. (Am. Pet. ¶ 63.)

30. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc., is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in Somerville, New Jersey. (Am. Pet. ¶ 64.)

31. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant American Medical Systems, Inc. ("AMS") is a citizen of the States of Delaware and Minnesota because it is incorporated in the State of Delaware and has its principal place of business in Minnesota. (Am. Pet. ¶ 65.)

32. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant C. R. Bard, Inc. ("Bard"), is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Jersey. (Am. Pet. ¶ 66.)

33. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Tissue Science Laboratories Limited ("TSL"), is a citizen of the United Kingdom because it is incorporated in Great Britain and has its principal place of business in the United Kingdom. (Am. Pet. ¶ 67.)

34. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Sofradim Production (improperly named as "Sofradim Production SAS") ("Sofradim"), is a citizen of France because it is a French company and has its principal place of business in France. (Am. Pet. ¶ 68.)

35. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Boston Scientific Corporation ("BSC") is a citizen of the States

of Delaware and Massachusetts because it is incorporated in the State of Delaware and has its principal place of business in Massachusetts. (Am. Pet. ¶ 69.)

36. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Coloplast Corp. is a citizen of the States of Delaware and Minnesota because it is incorporated in the State of Delaware and has its principal place of business in Minnesota. (Am. Pet. ¶ 70.)

37. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Mentor Worldwide LLC is a citizen of each state of which its members are citizens. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Because Ethicon, Inc. is its only member, Mentor Worldwide LLC is a citizen of New Jersey. (Am. Pet. ¶ 71.)

38. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Caldera Medical, Inc. is a citizen of the State of California because it is incorporated in the State of California, and has its principal place of business there. (Am. Pet. ¶ 72.)

39. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Covidien LP (formerly known as "Tyco Healthcare Group LP") is a Delaware limited partnership with its principal place of business in Massachusetts. (Am. Pet. ¶ 73.) It is a citizen of each state of which its partners are citizens. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004). Upon information and belief, Covidien LP's citizenship does not otherwise conflict with that of Plaintiffs.

40. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant United States Surgical Corp. is a citizen of the States of

Delaware and Massachusetts because it is incorporated in the State of Delaware and has its principal place of business in Massachusetts.  (Am. Pet. ¶ 74.)

41. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Covidien Holdings Inc. (formerly known as "Covidien Inc.") is a citizen of the States of Delaware and Massachusetts because it is incorporated in the State of Delaware and has its principal place of business in Massachusetts.  (Am. Pet. ¶ 75.)

42. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Cook, Incorporated (sued as ("Cook, Inc.") is a citizen of the State of Indiana because it is incorporated in the State of Indiana and has its principal place of business in Indiana.  (Am. Pet. ¶ 76.)

43. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Cook Medical Incorporated n/k/a Cook Medical LLC (sued as "Cook Medical Inc.") is a citizen of the State of Indiana because it is incorporated in the State of Indiana and has its principal place of business in Indiana.  (Am. Pet. ¶ 77.)

44. Taking Plaintiffs' allegations as true, for purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Cook Group Incorporated (sued as "Cook Group, Inc.") is a citizen of the State of Indiana because it is incorporated in the State of Indiana and has its principal place of business in Indiana.  (Am. Pet. ¶ 78.)

45. In summary, the Defendants listed *supra* ¶¶ 29-44 are completely diverse from Plaintiffs. (*See supra* ¶ 3-4.)

3) <u>The five non-diverse Plaintiffs are fraudulently joined, as their claims have no reasonable basis under Missouri law.</u>

46. Fraudulent joinder is an exception to complete diversity, and the Eighth Circuit has explained that it is "the filing of a frivolous or otherwise illegitimate claim" involving a non-

diverse party "solely to prevent removal." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Here, there is no question that the claims brought by the 5 New Jersey and Massachusetts Plaintiffs were joined "solely to prevent removal." If a non-diverse party has been fraudulently joined, a federal court may assume jurisdiction over the case, dismiss the non-diverse party, and thereby "retain subject matter jurisdiction over the remaining claims." *Wivell v. Wells Fargo Bank, N.A.*, -- F.3d -- , No. 13-2763, 2014 WL 2871306, *2 (8th Cir. Nov. 19, 2014) (quoting *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012)). A party has been fraudulently joined if there is "'no reasonable basis in fact and law'" for the claims involving it. *Id.* (quoting *Murphy*, 699 F.3d at 1031).[5]

47. Fraudulent joinder has been found on a broad array of substantive and procedural grounds where the claims as filed against a party have no reasonable basis in law or fact. *See, e.g.*, *Wivell*, 2014 WL 2871306 (finding fraudulent joinder because defendant did not owe plaintiff a duty under Missouri law); *Karnatcheva v. JP Morgan Chase Bank, N.A.*, 704 F.3d 545, 547 (8th Cir. 2013) (finding fraudulent joinder because plaintiffs did not have standing under Minnesota law); *Murphy*, 699 F.3d 1027 (finding fraudulent joinder because fraud claims were not pled with particularity); *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (finding fraudulent joinder of automobile seller under Minnesota law, which mandates dismissal of strict liability claims against non-manufacturers); *Witherspoon v. Bayer Healthcare Pharm. Inc.*, 2013 US Dist. Lexis 163617 (E.D. Mo. Nov. 18, 2013) (finding fraudulent joinder of non-diverse plaintiff because plaintiff's claim was time-barred).

---

[5] Either a plaintiff or a defendant may be fraudulently joined. *See, e.g., Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) (holding that either nondiverse plaintiffs or defendants may be fraudulently joined); *Witherspoon v. Bayer Healthcare Pharm. Inc.*, 2013 US Dist. Lexis 163617 (E.D. Mo. Nov. 18, 2013) (finding fraudulent joinder of non-diverse plaintiff because plaintiff's claim was time-barred).

48. In *Witherspoon*, for example, 92 plaintiffs filed a petition in the Missouri state court based in St. Louis against a defendant that was incorporated in Delaware and maintained its principal place of business in New Jersey. *Witherspoon*, 2013 US Dist. Lexis 163617, at \*4. Ninety-one of the 92 plaintiffs were diverse from the defendant, but the last plaintiff was a citizen of New Jersey and so seemed to destroy diversity. *Id.* The court found the non-diverse Plaintiff was fraudulently joined. Her claims had no reasonable basis under Missouri law because her claims were barred in Missouri courts by the applicable statute of limitations. *Id.* at \*14. Because the non-diverse plaintiff was fraudulently joined, the court retained subject matter jurisdiction over the case. *Id.*

49. Similarly, the 62 Plaintiffs here also filed a petition in Missouri state court based in St. Louis against out of state Defendants. (Am. Pet. at ¶¶ 1-62.) As in *Witherspoon*, the non-diverse Plaintiffs are fraudulently joined because, under Missouri law, their claims are barred in Missouri courts. Under Missouri law, personal jurisdiction can only be exercised to the "extent permitted" by the Due Process Clause. *Viasystems, Inc. v. EBM Papst St. Georgen GMBH & Co. KG*, 646 F.3d 589, 593 (8th Cir. 2011); *see* Mo. Rev. Stat. § 506.500.1. There are two basic ways to establish personal jurisdiction—specific jurisdiction and general jurisdiction. The New Jersey and Massachusetts Plaintiffs cannot establish specific jurisdiction over Defendants in Missouri because they do not allege that their respective injuries occurred in Missouri. *Myers v. Casino Queen, Inc.*, 689 F.3d 904 (8th Cir. 2012) ("The exercise of specific jurisdiction is permissible if a defendant purposefully directs its activities at residents of the forum state, *and the litigation results from alleged injuries that 'arise out of or relate to' those activities.*") (emphasis added) (internal quotation marks and citation omitted). The Missouri court does not have general jurisdiction over these claims because the Defendants are not incorporated in Missouri and do

not have their principal place of business there.[6]  *See Daimler*, 134 S. Ct. at 760-61 (limiting the exercise of general jurisdiction over a corporation to the state of incorporation or principal place of business); *see supra* ¶¶ 13-14; Am. Pet. ¶¶ 63-78.

50. Accordingly, the non-diverse Plaintiffs are fraudulently joined, as there is no reasonable basis under Missouri law for the claims brought against them.  *Wivell*, 2014 WL 2871306 at *2. When non-diverse parties are fraudulently joined, a court will ignore their citizenship for purposes of establishing subject matter jurisdiction and will dismiss the fraudulently joined parties from the case.  *Id*.  Under this rule, the Court need not sever the non-diverse Plaintiffs from the case, as removal is proper simply because complete diversity of citizenship exists among the properly joined Plaintiffs and the Defendants.  *See id*.

4) <u>Alternatively, Inclusion of the Non-Diverse Plaintiffs Is a Sham and Should Not Defeat Diversity Jurisdiction.</u>

51. Alternatively, this Court should deny the motion to remand (if one is filed) by severing the claims brought by the five non-diverse Plaintiffs and rejecting the blatant jurisdictional gamesmanship of Plaintiffs' counsel.   The federal courts are authorized to exercise their Rule 21 power to sever when joinder is merely a sham designed to defeat removal, as Plaintiffs' counsel has done here by artificially joining the New Jersey and Massachusetts Plaintiffs to this Missouri case.

52. The Petition alleges no facts that show or even suggest that the claims of the non-diverse Plaintiffs have any nexus with the State of Missouri or its courts.  They do not allege an injury within the State of Missouri and do not allege that they purchased any goods or services in the State of Missouri.  They chose to file in a Missouri state court that has no personal jurisdiction over their claims.  (*See supra* ¶¶ 13-14.)  Moreover, their suits would undoubtedly be transferred

---

[6] These facts are set forth more fully in Defendants' Motion to Dismiss for lack of personal jurisdiction.

out of Missouri under the doctrine of forum non conveniens. *See Taylor v. Farmers Ins. Co., Inc.*, 954 S.W.2d 496, 500 (Mo. Ct. App. 1997) (noting that the doctrine of *forum non conveniens* is designed to avoid "an unfair burden on a [Missouri] community of holding a trial for strangers" and to support the "duty of [Missouri] courts to prevent the abuse of their process"). All of this makes plain that they are joined to this case solely to defeat removal.

53. Under these circumstances, this Court should reject Plaintiffs' blatant jurisdictional gamesmanship. *See Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1135 (8th Cir. 2011) (while ordinarily "'a court will not interfere with the consequences of a plaintiff's selection in naming parties,'" that is not the case where "'the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity'") (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 93 (2005)); *see also Mississippi ex rel. Hood v. Au Optronics Corp.*, 134 S. Ct. 736, 745 (2014) ("We have interpreted the diversity jurisdiction statute to require courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction.").

54. In seven previous multi-plaintiff cases that were transferred to the Ethicon MDL from the Eastern District of Missouri, Judge Goodwin issued orders to sever before resolving any pending motions to remand. *See* Pretrial Orders 107, 108, 147, and 139, *In Re Ethicon Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2327 (S.D. W.Va. Mar. 25, 2014), attached as Exhibit D.[7] The MDL Court would do the same here, if this case transferred, and this Court has the same authority to sever the causes of action brought by the non-diverse Plaintiffs and retain

---

[7] The cases are *Davidson, et al. v. Johnson & Johnson, et al.*, No 2:13-cv-32364 (29 total plaintiffs, including 2 from New Jersey); *Johnson, et al v. Johnson & Johnson, et al.*, No. 2:13-cv-32350 (33 total plaintiffs, including 1 from New Jersey); *Brannen, et al. v. Ethicon, et al.*, No. 2:14-cv-26897 (81 total plaintiffs, including 2 from New Jersey); *Mathes, et al. v. Ethicon, Inc., et al.*, No. 2:14-cv-27204 (72 plaintiffs, including 0 from New Jersey); *Richardson et al. v. Ethicon, Inc., et al.*, No. 2:14-cv-27205 (74 plaintiffs, including 5 from New Jersey); *Geel, et al v. Ethicon, Inc., et al.*, No. 2:14-cv-29691 (9 plaintiffs, including 2 from New Jersey); *Miller, et al. v. Ethicon, Inc., et al.*, No. 2:14-cv-29739 (9 Plaintiffs, including 2 from New Jersey).

jurisdiction over the remaining claims. *See* Fed. R. Civ. P. 21. "It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832 (1989) ("Almost every modern Court of Appeals faced with this issue has concluded that it has the authority to dismiss a dispensable nondiverse party by virtue of Rule 21."); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (citing Rule 21 and affirming the dismissal of nondiverse defendants who were "dispensable parties"); *see also Hardaway v. Checkers Drive-In Rests., Inc.*, 483 F. App'x 854, 855 (4th Cir. 2012) ("In fact, if the nondiverse defendants are severable and their dismissal will not prejudice the remaining defendants, the jurisdiction of the court should be retained, and the suit dismissed as to the nondiverse defendants."); *Alday v. Organon USA, Inc.*, No. 4:09-cv-1415, 2009 WL 3531802, *2 (E.D. Mo. Oct. 27, 2009) (severing and dropping non-Missouri residents because they were "improperly joined" to the case of the Missouri Plaintiff); *In re Propecia (Finasteride) Prid. Liab Litig.*, No. 12-MD-2331, 2013 WL 3729570, *12-14 (E.D.N.Y. May 17, 2013) (severing and remanding the cases of non-diverse plaintiffs who were improperly joined).

55. This Court should sever the claims of the non-diverse Plaintiffs not only in response to Plaintiffs' jurisdictional gamesmanship, but also to protect the Defendants' constitutional right to remove this action to federal court. *See Terral v. Burke Constr. Co.*, 257 U.S. 529, 532-33 (1922) (holding that foreign corporations have a "federal constitutional right . . . to resort to the federal courts" through exercise of their federal right of removal). A plaintiff cannot defeat a defendant's federal right of removal by naming an unnecessary and dispensable party to the controversy. *See Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 190 (1924) ("On the question of jurisdiction, an unnecessary and dispensable party, will not be considered."). As Justice

Holmes explained, citing *Salem Trust*:  "When a defendant seeks to remove a suit from a State Court to the District Court, of course he is entitled to contend that a party joined by the plaintiff is not a necessary party and therefore does not make the removal impossible by defeating the jurisdiction."  *Lee v. Lehigh Valley Coal Co.*, 267 U.S. 542, 543 (1925).  To protect this right to remove, the Supreme Court does not permit any party to engage in jurisdictional manipulation, even when permissible on its face, to defeat the diversity jurisdiction of the federal district courts.[8]

56. Accordingly, this Court should find that the joinder of the 5 causes of action brought by the New Jersey and Massachusetts Plaintiffs to the other 57 diverse causes of action in this case is a sham, and sever them from this case.  Upon severance, diversity jurisdiction will exist between the 57 remaining Plaintiffs and the 16 Defendants.

## III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

57. The Petition and First Amended Petition are the only known pleading filed to date in this matter.

58. The 22nd Judicial Circuit Court of Missouri is located within the Eastern District of Missouri, Eastern Division, *see* 28 U.S.C. § 105(a), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Eastern District of Missouri, Eastern Division, is the "district and division embracing the place where such action is pending."

---

[8] In fact, the Supreme Court and the federal appellate courts have consistently exercised their discretionary authority to fight a variety of manipulative artifices designed to destroy diversity, including (1) naming unnecessary parties as a plaintiff or as a defendant, *Irvine for the Use of Lumberman's Bank v. Lowry*, 39 U.S. 293 (1840); *Salem Trust Co.*, 264 U.S. at 189; (2) improper attempts to realign a party for the purpose of both creating or defeating diversity, *see City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941) (realigning a defendant as a plaintiff and remanding suit to state court based on lack of diversity post-realignment); (3) the naming of nominal parties, *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460, 461 (1980); (4) permissible but nonetheless sham practices by the plaintiff or the defendant, *see Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010); and (5) the plaintiff's filing of non-binding stipulations, *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013).

59. Ethicon, Inc. and Johnson & Johnson were served with the Petition on December 10, 2014. (*See* Exhibit E.) Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

60. Defendants American Medical Systems, Inc., C. R. Bard, Inc., Coloplast Corp., Covidien Holding Inc., Covidien LP, Boston Scientific Corporation, Caldera Medical, Inc., Mentor Worldwide LLC, Cook Medical Incorporated n/k/a Cook Medical LLC, Cook Incorporated, Cook Group Incorporated, Sofradim Production, Tissue Science Laboratories Limited, and United States Surgical Corporation consent to removal of this action. Their signed consents are attached hereto as Exhibit F.

61. No previous application has been made for the relief requested herein.

62. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d). Defendants will promptly file a copy of this Notice with the Clerk of the 22nd Judicial Circuit Court of Missouri, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Removing Defendants give notice that the matter bearing civil action number 1322-CC08906 in the 22nd Judicial Circuit Court of Missouri is removed to this Court pursuant to 28 U.S.C. § 1441. Removing Defendants request that this Court retain jurisdiction for all further proceedings in this matter until such time as it is transferred to the appropriate MDL.

THIS, the 7th day of January, 2015.

Respectfully submitted,

BRYAN CAVE LLP

/s/ *Bettina J. Strauss*
Bettina J. Strauss, #44629MO
bjstrauss@bryancave.com
Randy J. Soriano, #54058MO
rjsoriano@bryancave.com
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

*Attorneys For Defendants Ethicon, Inc. and
Johnson & Johnson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served

via U.S. mail, postage prepaid on the following on this 7th day of January, 2015.

Thomas P. Cartmell
Wagstaff & Cartmell, LLP
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
*Attorneys for Plaintiffs*

Robert T. Adams, #34612MO
Jon A. Strongman, #53995MO
Adrienne L. Byard, #60843MO
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
*Attorneys For Defendant Boston Scientific Corp.*

Caroline M. Tinsley #49377MO
BAKER STERCHI COWDEN & RICE, L.L.C.
1010 Market Street, Suite 950
St. Louis, MO 63101
*Attorney For Defendant C. R. Bard*

Bart C. Sullivan, #37239 MO
FOX GALVIN LLC
One Memorial Drive, 12th floor
St. Louis, Missouri 63102
*Attorney for American Medical Systems, Inc.*

Devin K. Ross #62213MO
SHOOK, HARDY & BACON LP
2555 Grand Blvd.
Kansas City, MO 64108
*Attorney For Sofradim Production SAS, Tissue Science Laboratories Limited, United States Surgical Corp. and Covidien Inc. f/k/a Tyco Healthcare Group LP*

James W. Childress #27591MO
Craig R. Klotz #58850MO
CHILDRESS AHLHEIM CARY LLC
1010 Market Street, Suite 500
St. Louis, MO 63101
*Attorneys for Defendant Caldera Medical, Inc.*

Tim Walsh #62343MO
FULBRIGHT & JAWORSKI L.L.P.
190 Carondelet Plaza, Suite 1690
St. Louis, MO 63105
*Attorney for Coloplast Corp.*

Monte P. Clithero #27248MO
TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS, LLP
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
*Attorney for Cook Incorporated, Cook Medical LLC, and Cook Group Incorporated*

Matthew D. Knepper #61731MO
Joseph C. Orlet #37732MO
HUSCH BLACKWELL LLP
190 Carondelet Plaza #600
St. Louis, MO 63105
*Attorneys for Defendant Mentor Worldwide, LLC*

                                    */s/ Bettina J. Strauss*